UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRYSTIAN DROZD,

                              Plaintiff,                **REPORT AND RECOMMEDATION**

v.                                                      1:18-cv-00185-LJV-JJM

TEAMSTERS LOCAL 449, UNION
PRESIDENT, BUFFALO NY 14206,

                              Defendant.

_____

       Plaintiff commenced this Title VII action *pro se,* alleging discrimination by his

former union, defendant Teamsters Local 449.  Complaint [1].[1]  Before the court is defendant's

unopposed motion to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [5],

which District Judge Lawrence J. Vilardo referred to me for initial consideration [6].  For the

following reasons, I recommend that this court grant defendant's motion, without prejudice to

plaintiff's right to file an Amended Complaint.

## BACKGROUND

       Plaintiff commenced this action using a form complaint alleging that defendant

intentionally discriminated against him based upon his national origin, in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* and the New York State Human Rights

Law, New York Exec. Law §§290 to 297.  Complaint [1], pp. 1–2, 4.  The Complaint provides

little information concerning the factual basis of plaintiff's allegations.  In paragraph 13 of the

Complaint, plaintiff made check marks in spaces indicating that he seeks relief based upon his

_____

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to numbers
reflected on the documents themselves rather than to CM/ECF pagination.

"termination" and for "harassment on the basis of unequal terms and conditions of his

employment." Id., p. 4.  Plaintiff alleges the discrimination first occurred on February 24, 2017

and continued on:  March 3, 2017; March 31, 2017; May 18, 2017; May 23, 2017; and May 24,

2017.  Id., p. 3.

Specific facts describing defendant's alleged discrimination are set forth in

plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination

(the "Charge") attached to the Complaint, and in paragraphs 16 and 19 of the Complaint.  The

Charge states:

> I am a member of the above named Union.  I filed a charge of
> employment discrimination against my employer UPS in charge
> number 525-2017-00808.
>
> UPS terminated my employment allegedly for job performance.  I
> requested a hearing and during the hearing, a comment was made
> by a Labor Manager during the hearing where he stated that "I
> must be from Poland"[.]
>
> I believe the Union has failed to properly represent me, and I was
> discriminated against when the comment was made.  This is in
> willful violation of Title VII of the Civil Rights Act of 1964 as
> amended.

Charge [1], p. 7 of 8 (CM/ECF).

Plaintiff provides the following details concerning his allegations in paragraph 19

of the Complaint:

> During local level hearing on Feb[ruary] 24, 2017, labor manager
> Brian Speller made remark "Oh, he must be from Poland".  This
> was in reference to either me, or possibly a different employee.
> But my union rep[resentative] Jeff Brylski did not support my
> claim of discrimination/harassment when I brought it up to his
> attention.  Jeff Brylski stated "take it as is or go with it as you
> want"[.]  He admitted that incident happened, but later denied it
> during arbitration.  Union rep[resentative] stated it wasn't part of
> the case.

Id.  In paragraph 16 of the Complaint, plaintiff checked the box indicating that defendant  was no longer committing the discriminatory acts against him and identified May 24, 2017 as the date defendant discontinued the discrimination.  To explain why the act discontinued, plaintiff wrote, "[i]t was during my date of arbitration, defendant denied discrimination by the employer".  Id., p. 5.

Shortly after defendant filed its motion, I issued a briefing schedule, which was mailed to plaintiff [8].  Plaintiff's response to the motion was due on or before October 29, 2019. Id.  To date, plaintiff has not filed a response or a motion to extend the October 29, 2019 deadline.  Nevertheless, this court "cannot grant a motion to dismiss solely on the ground that it is unopposed.  Rather, where a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden."  Foster v. Phillips, 2005 WL 2978686, *3 (S.D.N.Y.2005).  See McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) ("[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal").

## ANALYSIS

"When, as here, the complaint is filed by a *pro se* plaintiff, we construe the complaint liberally, interpreting it to raise the strongest arguments that it suggests."  Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010) (internal quotations and alterations omitted). Moreover, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated".  Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

Unions have a duty to fairly represent their members under both Title VII and other federal and state laws.  *See e.g.*, DelCostello v. International Brotherhood of Teamsters,

462 U.S. 151, 170 (1983) ("[t]he NLRB has consistently held that all breaches of a union's duty of fair representation *are* in fact unfair labor practices."). Title VII prohibits labor organizations from discriminating against "any individual because of his race, color, religion, sex, or national origin" or "to cause or attempt to cause an employer to discriminate against an individual" in violation of Title VII.  42 U.S.C. § 2000e-2(c).

A.      **The Complaint Fails to State a Cause of Action for Breach of the Defendant's Duty of Fair Representation Under Title VII**

"Title VII claims arising out of a labor organization's representation of its members' interests are subject to an analysis different from that applicable to Title VII claims against employers."  Tappin v. Metropolitan Suburban Bus Authority, 2014 WL 1330649, *4 (E.D.N.Y. 2014) (internal citation omitted).

> To establish a *prima facie* case that the Union breached its duty of fair representation the Plaintiffs must satisfy a two-prong test including (1) that the Union breached its duty of fair representation by allowing an alleged breach of the collective bargaining agreement to go unrepaired, *i.e.*, by failing to pursue a union member's grievance to arbitration, and (2) that the Union's actions were motivated by discriminatory animus.

Lee v. ITT Standard, 268 F.Supp.2d 315, 336 (W.D.N.Y. 2002).  I agree with defendant that plaintiff failed to make any allegations that satisfy either element of the test.  *See* Defendant's Memorandum of Law, pp. 4-6.

Plaintiff alleges that his union representative failed to include in plaintiff's case the labor manager's allegedly discriminatory statement that plaintiff (or possibly another employee) "must be from Poland".  Complaint [1], p. 5.  Even accepting this allegation as true, it does not allege that defendant failed to pursue his grievance or otherwise permitted "an alleged breach of the collective bargaining agreement to go unrepaired".  Lee, supra.  To the contrary, based on the allegations currently before me, defendant helped plaintiff challenge his

termination.  The acts and omissions of which plaintiff complained occurred at a "local level

hearing" and at the "arbitration" concerning his termination, both of which were attended and

pursued by plaintiff's union representative.  Complaint [1], p. 5.  Plaintiff's allegations

demonstrate that the union helped plaintiff pursue his grievance.  Even assuming that the union

representative erred when he did not present the evidence of the labor manager's remark as part

of plaintiff's case at either the local level hearing or the arbitration proceeding, "[t]actical errors

are insufficient to show a breach of the duty of fair representation; even negligence on the

union's part does not give rise to a breach." Barr v. United Parcel Service, Inc., 868 F.2d 36, 43

(2d Cir. 1989).

As to the second element, nowhere does plaintiff allege any facts that suggest a

discriminatory animus on the Union's part.  *See* Lee, supra.  Defendant's Memorandum of Law

[5-1], pp. 4-5.  Plaintiff placed check marks on the complaint to indicate that defendant's

allegedly discriminatory acts were due to his national origin.  Assuming the truth of plaintiff's

allegation that his union representative refused to incorporate the labor manager's comment into

his grievance proceedings.  However, there are no additional facts alleged from which we can

draw the conclusion that this decision was motivated by animus to plaintiff's national origin.

The only statements plaintiff attributed to the union representative are "take it as is or go with it

as you want" and "it wasn't part of the case".  Complaint [1], p. 5.  Neither of these statements

identify, target, or allude to plaintiff's national origin as the reason for this determination.

Accordingly, these statements do not satisfy plaintiff's burden to allege facts showing that

defendant's actions were motivated by discriminatory animus.  Further, simply making check

marks on a form complaint without any supporting facts does not state a cause of action.  *See*

Mahamadou v. 1199 SEIU United Healthcare Workers East, 2016 WL 3566235, *4 (S.D.N.Y.

2016) (dismissing certain causes of action because "other than checking boxes to indicate that

defendant discriminated against her on the basis of race, national origin, and religion, [plaintiff's]

Complaint contains no factual allegations to support her contention that her termination was the

result of racial, national [origin], or religious discrimination").

**B.      The Complaint Fails to State a Timely Claim for the Union's Breach of its Federal Common Law Duty of Fair Representation**

I also agree with defendant's alternative argument that, to the extent that plaintiff

asserts a federal law claim independent from Title VII for the union's breach of its duty to fairly

represent him, this claim is time-barred.  *See* Defendant's Memorandum of Law, pp. 6-7.  "To

the extent [plaintiff] is attempting to allege a violation of the Union's duty of fair representation,

that claim is time-barred.  Such a claim must be pursued within six months of the act or acts

alleged to constitute the breach." Cusack v. Maloney, 2011 WL 710218 , *2 (W.D.N.Y. 2011);

*see also* DelCostello, 462 U.S. at 172 (holding that suits against a union for breach of its duty of

fair representation are governed by the six-month limitations period under § 10(b) of the

National Labor Relations Act, 29 U.S.C. § 160(b));  Heller v. Consolidated Rail Corp., 331 Fed.

Appx. 766, 768 (2d Cir. 2009) (Summary Order).

Plaintiff alleges that May 24, 2017 is the last date defendant committed any

allegedly discriminatory acts against him.  Complaint [1], p. 5.  Therefore, any complaint filed

after November 24, 2017 is time-barred.  Plaintiff filed his Complaint on February 2, 2018, well

after the limitations period expired.  Accordingly, to the extent that the Complaint asserts an

independent cause of action for breach of defendant's duty of fair representation, I recommend

that this court grant defendant's motion to dismiss, with prejudice.  *See* Baez v. Kahanowicz, 278

Fed. Appx. 27, *1 (2d Cir. 2008) (Summary Order) ("[t]his dismissal was properly with

prejudice.  Any complaint filed after the district court's decision on January 16, 2007, would

have exceeded the three-year statute of limitations").

### C.    Claims Under New York State Human Rights Law

In addition to the claims discussed above, plaintiff checked the box on the form

Complaint to include claims pursuant to New York State Human Rights Law, N.Y. Exec. Law

§§ 290 to 297.  A court "may decline to exercise supplemental jurisdiction over a [pendent state

law] claim" if the court "has dismissed all [federal] claims over which it has original

jurisdiction". 28 U.S.C. §1367(c)(3). Having recommended that plaintiff's federal claims be

dismissed at this early stage, I likewise recommend that the court decline to exercise

supplemental jurisdiction over plaintiff's state law claims, without prejudice to plaintiff's right to

reallege them in an amended complaint, and defendant's right to then seek their dismissal.  *See*

Johnson v. Levy, 812 F. Supp. 2d 167, 184–85 (E.D.N.Y. 2011); Cullen v. Verizon

Communications, 2014 WL 6627494, *4 (W.D.N.Y. 2014).

### CONCLUSION

For these reasons, I recommend that the court grant defendant's motion to dismiss

[5], without prejudice to plaintiff filing an amended complaint alleging Title VII and New York

State Human Rights Law, but with prejudice as to plaintiff's federal common law claim for breach of

defendant's duty of fair representation.   Unless otherwise ordered by Judge Vilardo, any objections

to this Report and Recommendation must be filed with the clerk of this court by October 8, 2020.

Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails

to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v.

Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  September 21, 2020

_____/s/ Jeremiah J. McCarthy_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge